# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **EUGENE A. BUTCHER,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MICHAEL J. ASTRUE,** <br> **Commissioner of Social Security,** <br><br> **Defendant.** | **MEMORANDUM DECISION** <br> **AND ORDER** <br><br> **Case No. 2:10-cv-273-PMW** <br><br><br> **Magistrate Judge Paul M. Warner** |

Before the court is Eugene A. Butcher's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument would not be helpful or necessary in this case.

## BACKGROUND

In May 2006, Plaintiff applied for DIB, as well as Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[1] *See id*. §§ 1381-1383f. Plaintiff alleged a disability onset date of March 15, 2004.[2] Plaintiff's applications were denied initially and upon

---

[1] *See* docket no. 6, Administrative Record ("Tr. ____"), 263, 270.

[2] *See* Tr. 263, 270.

reconsideration.[3]  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on June 10, 2008.[5]  The ALJ issued a written decision on December 31, 2008, determining that Plaintiff was not disabled.[6]  Plaintiff then filed a request for review of the ALJ's decision, which was granted.[7]  The Appeals Council vacated the ALJ's decision and remanded the case for a new hearing.[8]

Upon remand, a new hearing was held on June 10, 2009.[9]  The ALJ issued another written decision on September 10, 2009, again determining that Plaintiff was not disabled.[10]  In that decision, the ALJ noted that Plaintiff had withdrawn his claim for SSI and was proceeding only on his claim for DIB.[11]  On January 26, 2010, the Appeals Council denied Plaintiff's request for review,[12] making the ALJ's September 10, 2009 decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

---

[3] *See* Tr. 143-44, 146-47.

[4] *See* Tr. 182.

[5] *See* Tr. 73-142.

[6] *See* Tr. 148-63.

[7] *See* Tr. 164-68, 174.

[8] *See* Tr. 164-68.

[9] *See* Tr. 25-72.

[10] *See* Tr. 5-24.

[11] *See* Tr. 8, 24.

[12] *See* Tr. 1-4.

On April 2, 2010, Plaintiff filed his complaint in this case, which was assigned to Chief District Judge Ted Stewart.[13] On May 26, 2010, the Commissioner filed his answer, along with the Administrative Record.[14]

On September 1, 2010, Chief Judge Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[15] Thereafter, in response to a court order,[16] both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[17] Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[18]

On November 5, 2010, Plaintiff filed his opening brief.[19] The Commissioner filed his answer brief on December 16, 2010.[20] Plaintiff filed his reply brief on January 7, 2011.[21]

---

[13] *See* docket no. 3.

[14] *See* docket no. 5-6.

[15] *See* docket no. 9.

[16] *See* docket no. 10.

[17] *See* docket nos. 11.

[18] *See id.*

[19] *See* docket no. 14.

[20] *See* docket no. 21.

[21] *See* docket no. 22.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant

> has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined

that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) by improperly rejecting the opinions of Plaintiff's treating sources and the lay witness opinions of Plaintiff's sister, (2) by failing to explain how she concluded that Plaintiff did not meet or equal a listed impairment and by failing to conduct a proper drug and alcohol abuse analysis, and (3) in her analysis at step five of the sequential evaluation process. The court will address each argument in turn.

### I. Opinions

Plaintiff argues that the ALJ improperly rejected (A) the opinions of Plaintiff's treating sources and (B) the lay witness opinions of Plaintiff's sister.

#### A. Treating Source Opinions

Plaintiff argues that the ALJ improperly rejected the opinions of Plaintiff's treating sources, Dr. David Shaskey, Dr. Angelique Goodhue, Dr. Katherine Shen, and Mr. Mark Anderson.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other

6

> substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 404.1527(d).

As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). In addition, any opinion that a claimant is disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the

[Commissioner]." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also* 20 C.F.R. § 404.1527(e).

Plaintiff asserts that the ALJ erred in her treatment of Dr. Shasky's opinions. Plaintiff appears to argue that because the ALJ did not incorporate every limitation expressed by Dr. Shasky into Plaintiff's RFC, the ALJ somehow improperly rejected Dr. Shasky's opinions. That argument fails. Quite the opposite of rejecting Dr. Shasky's opinions, the ALJ assigned them controlling weight because Dr. Shasky was a treating source and because the opinions were largely well supported by the record evidence. *See* 20 C.F.R. § 404.1527(d)(1)-(4). At the same time, the ALJ chose not to include certain of Dr. Shasky's expressed limitations in Plaintiff's RFC because they were not supported by or consistent with the record. *See id.* § 404.1527(d)(3)-(4). There was nothing improper about the ALJ's treatment of Dr. Shasky's opinions, particularly since it is the ALJ's responsibility to assess Plaintiff's RFC based on all of the record evidence, not just medical opinions. *See id.* § 404.1546; *see also* Social Security Ruling ("SSR") 96-5. Furthermore, opinions about a claimant's RFC are not dispositive because the determination of Plaintiff's RFC issue is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e); SSR 96-5; *see also Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record.").

Plaintiff also argues that the ALJ erred by determining that Dr. Goodhue's opinions were entitled to little weight. In reaching that determination, the ALJ properly relied on the fact that Dr. Goodhue had only occasional contact with Plaintiff, with visits occurring once every three

months. *See* 20 C.F.R. § 404.1527(d)(2)(i). The ALJ also properly relied on the fact that Dr. Goodhue's opinions were internally inconsistent and inconsistent with the rest of the record evidence. *See id*. § 404.1527(d)(3)-(4). For these reasons, the court concludes that the ALJ did not err in her treatment of Dr. Goodhue's opinions.

Plaintiff next argues that the ALJ erred by improperly rejecting Dr. Shen's opinions. That argument also fails. The ALJ properly considered the treatment relationship Plaintiff had with Dr. Shen. *See id*. § 404.1527(d)(2)(i)-(ii). Indeed, in the RFC questionnaire Dr. Shen completed, she made a specific notation that she had never seen Plaintiff prior to completing the questionnaire and that she had neither a long-term treatment relationship with Plaintiff nor a deep knowledge concerning Plaintiff's health.[22] The ALJ also properly relied on the fact that Dr. Shen's report appeared to be based almost entirely on Plaintiff's subjective complaints. Dr. Shen's questionnaire was based on one visit with Plaintiff and was not accompanied by any objective examination notes. *See id*. § 404.1527(d)(3). For these reasons, the court concludes that the ALJ did not err in her treatment of Dr. Shen's opinions.

Finally, Plaintiff argues that the ALJ erred in her treatment of the opinions of Mr. Anderson. Because Mr. Anderson is a physical therapist, he is considered an "other source." *See* SSR 06-03p. Pursuant to SSR 06-03p, the factors for evaluating the opinions of treating physicians apply with equal weight to the opinions of treating sources who are "other sources." *See id*.; *see also* 20 C.F.R. § 404.1527(d). However, not every factor will apply in every case in which there is opinion evidence form a treating source that is an "other source." *See* SSR

---

[22] *See* Tr. 539.

06-03p. In addition, whether a treating source is or is not an acceptable medical source is a factor to be considered in the weight given to opinion evidence from a particular treating source. *See id*.

In assessing Mr. Anderson's opinions, the ALJ determined that they were not entitled to controlling weight. In reaching that determination, the ALJ properly relied on the fact that Mr. Anderson did not have a long-term treatment relationship with Plaintiff. *See* 20 C.F.R. § 404.1527(d)(2)(i)-(ii). The ALJ also properly relied on the fact that Mr. Anderson's opinions were not consistent with either Plaintiff's own description of his daily activities or other medical findings and opinions in the record from sources who did have a long-term treatment relationship with Plaintiff. *See id*. § 404.1527(d)(3)-(4). For these reasons, the court concludes that the ALJ did not err in her treatment of Mr. Anderson's opinions.

### B. Lay Witness Opinions

Plaintiff argues that the ALJ erred by determining that the lay witness opinions of Plaintiff's sister were entitled to little weight. Like Mr. Anderson, Plaintiff's sister is considered an "other source." *See* SSR 06-03p. Accordingly, the court examines the ALJ's treatment of the opinions of Plaintiff's sister under the same framework applied to Mr. Anderson's opinions.

In reaching her determination about Plaintiff's sister's opinions, the ALJ properly relied upon the fact that Plaintiff's sister was not an acceptable medical source and had not been in a treating or other professional relationship with Plaintiff. *See id*. Furthermore, an examination of the statement submitted by Plaintiff's sister reveals that she expressed no opinions about

Plaintiff's specific conditions or limitations.[23] Instead, she provided the conclusory opinion that Plaintiff "is unable to work on a continuous basis."[24] Because the issue of whether Plaintiff is disabled is reserved to the Commissioner, any opinions about that issue are not dispositive. *See* 20 C.F.R. § 404.1527(e); *Castellano*, 26 F.3d at 1029. Finally, the ALJ properly relied on the close familial relationship between Plaintiff and his sister and the resulting potential for a lack of impartiality in her opinions. The ALJ did not, as Plaintiff asserts, reject Plaintiff's sister's opinions on that basis alone. It was but one of several factors the ALJ properly considered.

Based on the foregoing, the court concludes that the ALJ did not err in her treatment of the opinions of Plaintiff's treating sources or the lay witness opinions of Plaintiff's sister.

## II. Listed Impairment and DAA

Plaintiff argues that the ALJ erred at step three of the sequential evaluation process by failing to satisfy the requirement to provide sufficient reasoning in support of her conclusion that Plaintiff's impairments did not meet or equal a listed impairment. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

Contrary to Plaintiff's assertion, the ALJ did satisfy the requirement to provide sufficient reasoning to support her conclusions with respect to listed impairments. The ALJ specifically noted and relied on the opinions of several doctors, all of whom reviewed the record evidence and concluded that Plaintiff's impairments did not meet or equal any listed impairment. The ALJ

---

[23] *See* Tr. 342.

[24] *Id*.

11

also discussed thoroughly the medical and nonmedical evidence of record and provided extensive analysis of the severity of Plaintiff's alleged impairments and resultant functional limitations.

Plaintiff also argues that the ALJ erred by mentioning drug or alcohol abuse. In essence, Plaintiff argues that before the ALJ referenced drug or alcohol abuse, she was required to find that drug or alcohol abuse was a material factor in this case and conduct the analysis required by 20 C.F.R. § 404.1535. That argument fails. The ALJ did not cite drug or alcohol abuse as a reason for concluding that Plaintiff's impairments did not meet or equal a listed impairment. Accordingly, the above-referenced analysis was not required. Further, the ALJ specifically adopted one doctor's opinion that there was no evidence of any drug or alcohol abuse during the relevant period, except perhaps during the brief psychotic episode that occurred in 2006. It is noteworthy that the ALJ did not dispute Plaintiff's claim that this episode had been caused by a severely adverse reaction to prescribed medication rather than due to drug abuse or other precipitating factors. Consequently, the ALJ never determined that Plaintiff's psychotic episode was the result of drug or alcohol abuse, nor did she find that Plaintiff had abused drugs or alcohol during the relevant time period under consideration. For these reasons, Plaintiff's argument fails.

### III. Step Five

Plaintiff argues that the ALJ erred in her analysis at step five of the sequential evaluation process. Specifically, Plaintiff argues that the ALJ provided an incomplete hypothetical to the vocational expert because that hypothetical did not include certain limitations expressed in the opinions of Dr. Goodhue. The court concluded above that the ALJ did not err in her treatment of Dr. Goodhue's opinions. Accordingly, the ALJ was not required to include in the hypothetical

any of the ultimately discredited limitations expressed by Dr. Goodhue. The ALJ was required to include in the hypothetical only those limitations that were ultimately included in her RFC assessment. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000). The ALJ did precisely that in this case. Therefore, Plaintiff's argument fails.

## **CONCLUSION AND ORDER**

The court concludes that all of Plaintiff's arguments fail. Therefore, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 28th day of March, 2011.

                                      BY THE COURT:

                                      PAUL M. WARNER
                                      United States Magistrate Judge